[Civ. No. 7826. Second Appellate District, Division Two.—June 9, 1933.]

WALTER MINEAR ATKINS et al., Respondents, v. W. L. BARNUM, Appellant.

Paul Nourse and Forrest A. Betts for Appellant.

Russell H. Pray for Respondents.

ARCHBALD, J., *pro tem.*—Action by husband and wife to recover damages to the latter resulting from the alleged negligence of defendant. From a judgment in favor of plaintiffs, defendant has appealed.

An automobile driven by defendant north on Linden Street in Long Beach collided at the intersection of that thoroughfare and Eighth Street with a Ford truck driven by one Eva Bond, who was proceeding easterly on Eighth Street, with the result that the truck, struck on the right rear wheel, swung around to the northeast, striking plaintiff Annie Marie Atkins, a pedestrian crossing Eighth Street, seriously injuring her.

Appellant does not question the sufficiency of the evidence to support the verdict and judgment, but urges that the court erred in giving an instruction to the effect that exceeding a given speed made a *prima facie* case of negligence. The instruction complained of reads: "The law of this state does not make the driving of an automobile at any particular rate of speed necessarily unlawful. The law merely provides that any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such speed as to endanger the life, limb or property of any other person. But the law does provide that if a person shall drive at a rate of speed in excess of fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed, within the meaning of the law as stated in these instructions, such fact shall in itself constitute evidence of a violation of the law. Such fact shall not constitute conclusive evidence but will constitute evidence which must be taken into consideration by the jury along with the other evidence in a case in determining whether or not a person driving a vehicle over an intersection drove such vehicle at a careful and prudent speed and at such a speed as not to endanger the life, limb or property of other persons. Such fact will constitute *prima facie* evidence and will be sufficient to show negligence

on the part of the driver unless the effect of such evidence be overcome by other satisfactory evidence in the case."

It is appellant's contention that when the legislature amended section 22 of the then existing California Vehicle Act in 1923 by changing the expressly prohibitory speed limits of the act as they existed theretofore (Stats. 1919, p. 220, sec. 22 [a]), to permissive limits, and by adding subdivision (c) in the amended section (Stats. 1923, p. 553, sec. 113), it changed the rule as to speed in excess of such limits being a violation of law and hence evidence of negligence. This court has recently decided this question adversely to such contention. (*Thompson* v. *Dentman,* 131 Cal. App. 680 [21 Pac. (2d) 1009].) The act as amended in 1923 (Stats. 1923, p. 553) divided the subject matter of the former section 22 into three subdivisions, (a), (b) and (c), and numbered it 113. The section as so amended, in effect at the time of the happening of the accident here involved, so far as material reads as follows:

"Sec. 113. Restrictions as to speed. (a) Any person driving a vehicle on the public highways of this state shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway, and no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person.

"(b) Subject to the provisions of subdivision (a) of this section and except in those instances where a lower speed is specified in the Act, it shall be lawful for the driver of a vehicle to drive the same at a speed not exceeding the following: . . .

"2. Fifteen miles an hour in traversing an intersection of highways when the driver's view is obstructed. . . .

"(c) In all charges for a violation of this section speeds in excess of those set forth in subdivision (b) of this section shall be taken as *prima facie* but not as conclusive evidence of a violation of this section. . . . "

It is contended that subdivision (c) relates only to criminal charges, and with that contention we agree. In our opinion, however, appellant is confused in his claim. The usual legislative method of regulation is by prohibiting the

doing of an act. The express prohibition in this section is in subdivision (a), i. e., "no person shall drive any vehicle upon a public highway at such a speed as to endanger the life, limb or property of any person". That is the prohibited act made an offense under the California Vehicle Act. Any violation of that positive prohibition would not establish a *"prima facie"* case of negligence. It would be *conclusive* evidence of negligence. (*Scragg* v. *Sallee*, 24 Cal. App. 133, 144 [140 Pac. 706].)

By enacting subdivision (b), however, in our opinion the legislature prohibits traveling at a speed in excess of the limits fixed therein. Under the plain language of such subdivision, traveling at a speed under the limits set is only lawful when done in accordance with the provisions of subdivision (a). By setting a permissive speed the legislature has said that traveling at a speed in excess of such limits is not lawful *per se*. All that is necessary to make a *prima facie* case of a violation of subdivision (a) (the positive prohibition), is to show that the limits prescribed by (b) have been exceeded. The burden then shifts under (c) to show that as a matter of fact there has been no violation. In other words, such limits were placed there to establish the boundary between the zone in which travel is *prima facie* lawful and that in which it is *prima facie* unlawful. Any other construction of the section would make subdivisions (b) and (c) meaningless.

In the instruction given the court has clearly told the jury that exceeding the limits named in itself constitutes "evidence of a violation of the law"; "not conclusive evidence", but evidence to be taken into consideration by the jury in determining "whether or not a person driving a vehicle over an intersection" drove such vehicle "at a careful and prudent speed and at such a speed as not to endanger the life, limb or property of other persons". We are of the opinion that such instruction correctly and clearly states the law. Similar instructions have been upheld many times by the Supreme Court and District Courts of Appeal.

Appellant has also appealed from the order denying his motion for a new trial. No such ground of appeal exists in civil cases. (Sec. 963, Code Civ. Proc.)

The appeal from the order denying motion for new trial is dismissed. Judgment affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 3, 1933.